IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>ISAIAH BRADY,<br><br>    Petitioner,<br><br>    vs.<br><br>MARCUS HARDY, Warden,<br>Stateville Correctional Center,<br><br>    Respondent. | Case No. 10 C 2098 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

    Isaiah Brady has petitioned the Court pursuant to 28 U.S.C. § 2254 to issue a writ of habeas corpus. Brady was convicted of murder in an Illinois court and was sentenced to fifty years. In this decision, the Court considers respondent Marcus Hardy's motion for reconsideration of the Court's decision to order an evidentiary hearing.

## Background

    Brady asserted four claims in his petition: the evidence was insufficient to convict him; the trial court improperly admitted evidence of other bad acts; his trial counsel failed to investigate and call certain exculpatory witnesses; and trial counsel failed to seek dismissal of the charges based on the prosecution's use of perjured testimony. The Illinois Appellate Court adjudicated three of these claims on the merits. It rejected the first two on direct appeal and the third on appeal from the dismissal of

Brady's post-conviction petition.  Brady did not pursue the fourth claim on appeal from the state trial court's dismissal of his post-conviction petition.

In a decision issued on January 27, 2011, this Court rejected Brady's claims involving the sufficiency of the evidence and admission of bad-act evidence.  *United States ex rel. Brady v. Hardy*, No. 10 C 2098, 2011 WL 291058, at *7-8, *12-13 (N.D. Ill. Jan. 27, 2011) ("*Brady I*").  The Court ordered an evidentiary hearing on Brady's ineffective assistance claim involving trial counsel's alleged failure to investigate and call exculpatory witnesses.  *Id.* at *10-11.  The Court ruled that Brady had procedurally defaulted his other ineffective assistance claim and that he had failed to show cause for the default that would allow the Court to consider the claim on its merits.  *Id.* at *11-12.  The Court deferred ruling, however, on whether Brady could obtain review of the merits of the claim based on the "fundamental miscarriage of justice" exception to the rule against consideration of defaulted claims.  Specifically, the Court stated that it would assess that issue after considering the results of the anticipated evidentiary hearing.  *Id.* at *12.

**Discussion**

1.  ***Cullen v. Pinholster***

On April 6, 2011, Hardy filed a motion seeking reconsideration of the Court's order granting an evidentiary hearing.  Hardy's motion is premised on the Supreme Court's April 4, 2011 decision in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011).  Because the parties in the present case had scheduled depositions for early May in anticipation of the evidentiary hearing, the Court set a short briefing schedule and set the matter for

ruling on today's date.

The Court's January 27 decision to order an evidentiary hearing was entirely consistent with established authority in this Circuit. In *Pinholster*, however, the Supreme Court significantly limited the authority of district courts to conduct evidentiary hearings on habeas corpus petitions filed under section 2254. The Court began by quoting the standard for determination of a habeas corpus petition under section 2254(d):

> If an application includes a claim that has been "adjudicated on the merits in State court proceedings," § 2254(d), an additional restriction applies. Under § 2254(d), that application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim":
>
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Pinholster*, 131 S. Ct. at 1398 (quoting 28 U.S.C. § 2254(d)). The Court concluded that when a state court has decided a habeas corpus petitioner's federal constitutional claim on the merits, a federal court's review of the state court's decision under section 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.*

2. **The effect of *Pinholster* on Brady's first ineffective assistance claim**

*Pinholster* requires this Court to vacate its decision to hold an evidentiary hearing on the merits of Brady's ineffective assistance claim involving trial counsel's failure to investigate and call certain exculpatory witnesses (which the Court will refer to as

3

Brady's first ineffective assistance claim). The Illinois Appellate Court adjudicated that claim on its merits. As a result, this Court's review under section 2254(d)(1) is limited by *Pinholster* to the record that was before the state appellate court when it adjudicated the claim.

Brady's first ineffective assistance claim also presents the possibility of issuance of a writ of habeas corpus under section 2254(d)(2), on the theory that the appellate court premised its ruling on an unreasonable determination of the facts in light of the evidence. That section, however, calls for assessment of the "evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). It does not appear to contemplate the possibility of an evidentiary hearing to adduce new evidence that was not presented in state court. *See Pinholster*, 129 S. Ct. at 1400 n.7 (indicating that the text of section 2254(d)(2) limits review to the state court record even more clearly than section 2254(d)(1)); *id.* at 1415 (Sotomayor, J., dissenting) (characterizing section 2254(d)(2) as using "backward-looking language").

The Court normally would stop at this point, having determined that it may not conduct an evidentiary hearing on Brady's first ineffective assistance claim. Each party, however, attempts to construe this Court's January 27 decision as effectively having decided that claim in its favor on the merits. Neither party is correct.

Hardy says in his motion that the Court's determination of Brady's "need for an evidentiary hearing to establish the factual basis" for his first ineffective assistance claim proves that he cannot prevail on the merits. Mot. to Reconsider at 5. In his response, Brady relies on a statement in the Court's decision that "Brady has alleged facts which, if proven true, would entitle him to habeas relief under section 2254(d)(1)."

4

Resp. to Mot. to Reconsider at 6.  He argues that the Court has, in effect, already found in his favor on the merits.

Despite these contentions, the Court has not already decided, in substance or effect, the merits of Brady's first ineffective assistance claim.  In its January 27 decision, the Court addressed only whether an evidentiary hearing was appropriate, using the pre-*Pinholster* standard the Seventh Circuit had established.  That standard, as applied in the present circumstances, required the Court to determine whether Brady had a facially viable claim based on facts that he had not been given the opportunity to develop via an evidentiary hearing in state court.  See *Brady I*, 2011 WL 291058, at *9.  That is all the Court determined in ordering an evidentiary hearing.  The Court did not decide, expressly or tacitly, that Brady could not prevail without an evidentiary hearing, nor did it decide, expressly or tacitly, that Brady had already in effect prevailed and that the evidentiary hearing was, in effect, for the benefit of Hardy to give him a chance to try to undercut Brady's contentions.  The Court has no current view on which side is entitled to prevail on Brady's first ineffective assistance claim and will decide that claim in due course.

### 3. The effect of *Pinholster* on Brady's second ineffective assistance claim

As indicated earlier, Brady has asserted a second ineffective assistance claim, involving his trial counsel's failure to seek dismissal of the charges based on the prosecution's alleged use of perjured testimony.  The Court ruled that Brady had procedurally defaulted this claim by failing to raise it in his state court appeal from the dismissal of his post-conviction petition.  The Court did not, however, reject Brady's claim, due to the possibility that he might be able to overcome the procedural default by

5

showing his actual innocence. The Court stated that it would determine that issue after considering the evidence adduced at the evidentiary hearing.

Though the state appellate court did not have the opportunity to address the claim, the state trial court dismissed the claim in a ruling that appears to have been merits-based. *See* Resp. Ex. L at C148-C154. The purpose of the evidentiary hearing as it relates to this claim, however, is not to obtain evidence to be used on the merits of the claim but rather is only for the purpose of determining whether Brady can overcome the procedural default of the claim by showing his actual innocence.

In their submissions on Hardy's motion for reconsideration, neither side addressed how, if at all, *Pinholster* applies to the Court's determination that an evidentiary hearing is needed to address the actual innocence exception. The Court raised the issue with both sides' counsel at today's motion hearing date. Respondent's counsel conceded that *Pinholster* does not apply to a court's determination of whether to hold an evidentiary hearing to assess a claim of actual innocence offered to overcome a procedural default. Petitioner's counsel agreed. The Court therefore declines to vacate its order for an evidentiary hearing. The hearing, however, will be for the purpose of addressing the actual innocence exception, not the merits of Brady's first ineffective assistance claim.

## Conclusion

The Court grants respondent's motion for leave to file additional authority (docket no. 33). For the reasons stated above, the Court grants in part Hardy's motion for reconsideration (docket no. 28). The Court's January 27, 2011 decision, reported at

2011 WL 291058 (N.D. Ill. Jan. 27, 2011) is vacated to the extent it set the case for an evidentiary hearing on the merits of petitioner's claim of ineffective assistance of counsel involving failure to investigate and call witnesses. The case remains set for an evidentiary hearing regarding petitioner's contention that his actual innocence permits consideration of a separate ineffective assistance claim.

```
                                   _____
                                        MATTHEW F. KENNELLY
                                        United States District Judge
```

Date: April 25, 2011